## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

```
CHRISTOPHER COULTER,            )
                                )
Plaintiff,                      )
                                )
     vs.                        )    NO. 2:08-CV-7
                                )
BERNARD FREEMAN, et al.,        )
                                )
Defendants.                     )
```

### OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the court **GRANTS** the plaintiff to proceed against defendants Roy Dominguez and Bernard Freeman, and **DISMISSES** defendants Lake County and the City of Crown Point pursuant to 28 U.S.C. § 1915A(b)(1).

BACKGROUND

Pro se Plaintiff, Christopher Coulter, a pretrial detainee confined at the Lake County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his federally protected rights. The defendants are Lake County, Lake County Sheriff Roy Dominguez and Jail Warden Bernard Freeman, and the City of Crown Point.

DISCUSSION

Pursuant to § 1915A(a), the court must review the merits of a civil complaint in which a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. The defendant in this case is a governmental officer.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise

> a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Coulter alleges that Staph infection is a serious problem at the Lake County Jail, that the defendants created or tolerated conditions of confinement that encouraged the spread of the disease, and that he contracted Staph infection after he arrived at the jail. It is a reasonable inference that Coulter asserts that the defendants' deliberate indifference to conditions at the jail caused him to contract Staph infection.

Coulter is a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments.

3

*Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d at 1457. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it."

4

*Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that penal officials merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

> To state a claim premised on prison officials' failure to protect him from harm, Christopher must allege that the defendants knew of and disregarded an excessive risk to his health and safety. The question of the defendants' culpability is subjective, but the risk is evaluated on an objective basis--the allegedly dangerous prison condition must deprive an inmate of the minimal civilized measure of life's necessities.

*Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(citations omitted). Prison officials cannot be expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places").

Coulter asserts that Staph disease is a problem at the Lake County Jail, that he actually contracted Staph disease at the jail, and that Sheriff Dominguez and Warden Freeman are

5

responsible for the conditions that lead to his becoming infected. (Complaint pp. 13-14). He further alleges that he did not receive adequate treatment for Staph. Giving Coulter the benefit of the inferences to which he is entitled at the pleadings stage, this Court cannot say that he can prove no Fourteenth Amendment claim against defendants Freeman and Dominguez.

In addition to Sheriff Dominguez and Warden Freeman, Coulter also seeks to sue the City of Crown Point and Lake County. He does not mention these defendants in the body of his complaint.

the Lake County Commission is responsible for establishing and maintaining a county jail, Ind. Code § 36-2-2-24, though the term "maintain" merely imposes a duty on the commissioners to keep the jail in repair. *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356 (Ind. App. 1994). But under Indiana law, a county jail is under the supervision of the county sheriff, the responsibility of administering and operating the jail is placed solely on the sheriff, and the sheriff is responsible for the care of the prisoners confined there. Ind. Code § 36-2-13-5(a)(7). Because Coulter is already suing the policy maker with sole responsibility for operating the Lake County Jail, in his official capacity, Lake County is not a proper defendant. The city of Crown Point is not a

proper defendant under any theory because, other than being geographically located in Crown Point, there is no connection between the city and the operation of the jail.

CONCLUSION

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants Roy Dominguez and Bernard Freeman for damages in their official and individual capacities on his Fourteenth Amendment claim that jail policies and conditions caused him to become infected with staph disease and receive inadequate treatment;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b)(1), defendants Lake County and the City of Crown Point;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants Dominguez and Freeman respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendants Dominguez and Freeman on the plaintiff's behalf, and **DIRECTS** the Clerk's Office to ensure that a copy of this order is served on them along with the summons and complaint.

**DATED: April 23, 2008**           /S/RUDY LOZANO, Judge
                                    **United States District Court**