IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHRISTOPHER COULTER,            )
                                )
Plaintiff,                      )
                                )
    vs.                         )   CAUSE NO. 2:08-CV-7
                                )
BERNARD FREEMAN, *et al.*,      )
                                )
Defendants.                     )

## OPINION AND ORDER

This matter is before the court on the Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b). For the reasons that follow, the court **GRANTS** Defendants' motion to dismiss.

When Plaintiff Christopher Coulter filed this action, he was a prisoner confined at the Lake County Jail. After his conviction he was transferred to Indiana Department of Correction, and was housed at The Westville Correctional Facility. The court granted Coulter leave to proceed without full prepayment of fees and costs. Granting a prisoner's request to proceed *in forma pauperis* means that the inmate must pay the full filing fee, but may benefit from procedures whereby he will be permitted to pay the fee in installments from his prison trust account. 28 U.S.C. § 1915(b). Coulter paid the initial partial filing fee on April 28, 2008, and made one installment payment on May 29, 2008. He still owes $256.31 on the filing fee.

Coulter advised the Court that he was released from custody, and is no longer confined in any jail or penal facility. Because Coulter was released from custody, there is no institutional account from which further installment payments can be made. For purposes of the Prison Litigation Reform Act, the Court must determine the Plaintiff's status on the date the suit or appeal is "brought." *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996). Coulter was a prisoner when he submitted his complaint and request to proceed *in forma pauperis.* Where a prisoner has been released from custody he must still pay "the sum that should have been remitted before release. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). Failure to pay the initial partial filing fee, and any installment payments the prisoner should have made before his release will result in the dismissal of this case for failure to prosecute. *Id.* at 898.

The court afforded the plaintiff until November 24, 2008, within which to provide the court with his prisoner trust account ledger statements for the period he was committed to the Indiana Department of Correction to determine if he owes any installment payments for that period, and within which to either pay the remainder of the $350.00 filing fee or advise the court of his current financial situation.

The Plaintiff did not respond to the court's order, and on December 1, 2008, Defendant Bernard Freeman moved to dismiss for

2

failure to prosecute. On December 17, 2008, Defendant Roy Dominguez filed a notice of joinder, stating that he wished to join the motion to dismiss filed by Defendant Freeman.

The Plaintiff has not responded to the court's order to show cause or the Defendants' motion to dismiss for failure to prosecute. Nor has he responded to defendant Freeman's discovery requests despite the court having granted defendant Freeman's motion to compel discovery on October 9, 2008. According, it is evident that the plaintiff has abandoned this case.

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Dismiss (DE #34), **DISMISSES** this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, and DIRECTS the Clerk to enter judgment in favor of the Defendants and against the Plaintiff.

DATED: January 23, 2009         /S/RUDY LOZANO, Judge
                                United States District Court